IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| NICOLE CHILDRESS<br><br>         Plaintiff,<br><br>v.<br><br>CREDIT CONTROL SERVICES, INC.<br>d/b/a CREDIT COLLECTION SERVICES<br><br>Serve at:<br>C T Corporation System<br>208 SO LaSalle ST, Suite 814<br>Chicago, IL 60604<br><br>         Defendant. | Cause No<br><br>Division<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COME NOW Plaintiff Nicole Childress ("Plaintiff") and states as follows:

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is also an action for actual and punitive damages brought by an individual consumer for violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq, which

1

prohibits false statements regarding consumer credit and which mandates that certain disclosures be provided to consumers.

3. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is also proper in St. Louis County, Missouri for this reason.

## PARTIES

5. Plaintiff is a natural person currently residing in Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from insurance through Progressive.

7. Plaintiff has a bona-fide dispute as to the amount of the debt. While Plaintiff may have had insurance coverage through Progressive at some point, the credit reported balance being collected, to the best of her knowledge, overstates the amount due and owing, if any amount is due and owing.

8. Defendant Credit Control Services, INC. ("Defendant") is a foreign corporation with its principal place of business outside of Missouri.

9. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10. Defendant is a credit repair organization pursuant to 15 U.S.C. § 1692a(6) in that Defendant, with respect to Plaintiff in this case, on or about July 11, 2018 used the telephone to provide or represent that it can provide, in return for the payment of money by Plaintiff, a service that would improve Plaintiff's consumer credit record, credit history, and credit rating.

11. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**FACTS**

12. Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

13. Sometime prior to July of 2018, Defendant began to try and collect on the alleged debt by credit reporting this debt.

14. On July 11, 2018 Plaintiff called Defendant in an attempt to dispute the debt and learn more about Defendant's representations of the debt.

15. Defendant confirmed Plaintiff's identity but did not have Plaintiff's address correct.

16. Plaintiff never received a collection letter from Defendant.

17. Defendant provided the address that it had been sending letters to; this was not Plaintiff's address.

18. Defendant told Plaintiff that once Plaintiff paid the balance in full, then Defendant would tell the credit bureaus to mark it as paid in full.

3

19. Plaintiff disagreed with the balance and asked how she could get it removed without paying in full.

20. Defendant stated that a balance paid in full would be able to update the credit bureaus and get the debt removed from her credit report. Defendant stated that the only way to get the reported debt off her credit was to pay it.

21. This statement was false. There are a number of ways and/or reasons that the alleged debt could be removed from Plaintiff's credit report.

22. Defendant then stated that if Plaintiff settled the balance then it would just say paid in full.

23. However, Defendant repeated that for the debt to be removed from her credit report, Plaintiff would have to pay the alleged debt in full.

24. Defendant's statement was misleading and wrong in that it did not provide Plaintiff with the mandatory disclosures required and implied that upon Plaintiff's payment, Defendant could cause Plaintiff's credit to improve.

25. Plaintiff then informed Defendant that she had hired an attorney to help represent her regarding the alleged debt.

26. Rather than take Plaintiff's attorney's contact information and end the call, Defendant attempted to bypass Plaintiff's attorney and proceeded to try and collect the debt directly from Plaintiff thereafter.

27. Defendant then informed Plaintiff that it had settlement authority on the account and that if Plaintiff wanted to settle at a reduced balance then Defendant could do that.

28. In making this statement, Defendant was attempting to bypass Plaintiff's attorney and cut a deal with Plaintiff directly.

29. Defendant violated the FDCPA by continuing to communicate with Plaintiff when Defendant knew that Plaintiff was represented by an attorney on the subject of debt.

30. Plaintiff stated that this is what she hired an attorney for and that Defendant should speak with him.

31. As a result of Defendant's conduct above, Plaintiff felt harassed and frustrated.

32. Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to an artificially depressed credit rating, attorneys' fees, anxiety, frustration, and worry.

33. Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

   a. Plaintiff has been deprived of her statutorily created right, as per the FDCPA, to truthful information about the amount of their debt;

   b. Plaintiff has been deprived of her statutorily created right, as per the CROA, to disclosures about the impact on her credit of paying the debt.

   c. Plaintiff has been deprived of her statutorily created right to cause debt collection communication to cease upon the provision of her attorney's contact information.

5

34. The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant made the violative communications directly with Plaintiff during the phone call referenced in this suit.

35. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

36. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

37. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a. Falsely representing the character, amount, or legal status of the alleged debt, specifically by attempting to collect an amount that overstated the amount due and owing. 15 U.S.C. § 1692e.

b. Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including, but not limited to, refusing to acknowledge Plaintiff's right to counsel and communicating with Plaintiff in an effort to collect the debts after it knew that Plaintiff was represented by counsel. 15 U.S.C. 15 U.S.C. § 1692d-f; and

c. Continuing to communicate with Plaintiff in an attempt to collect the debt after Plaintiff provided his attorneys' contact information. 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages in an amount to be determined by the jury;

C.  Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.  For such other relief as the Court may deem just and proper.

**COUNT II: VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT**

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

39. Pursuant to 15 U.S.C. § 1679a(a)(3), Defendant used the telephone, an instrumentality of interstate commerce, to provide, perform, or represent that it could provide or perform, services that would improve Plaintiff's credit record if Plaintiff paid consideration of nearly $600 to Defendant.

40. In contravention of 15 U.S.C. § 1679c(a), Defendant failed and refused to provide the mandatory disclosures to Plaintiff.

41. Defendant's conduct as described herein has caused Plaintiff to suffer actual loss, monetary and otherwise, as set forth in this Petition.

42. Defendant's actions were wanton, willful, and in deliberate disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant for:

A.  Actual damages in an amount to be determined at trial consistent with 15 U.S.C. § 1679g(a);

B.  Punitive damages in an amount to be determined at trial consistent with 15 U.S.C. § 1679g(a);

Electronically Filed - St Louis County - September 14, 2018 - 10:25 AM

Electronically Filed - St Louis County - September 14, 2018 - 10:25 AM

C. Attorneys' fees in an amount to be determined at trial consistent with 15 U.S.C. § 1679g(a)

D. For such other and further relief as the Court deems proper.

    Respectfully submitted,

    **ROSS & VOYTAS, LLC**

    By: /s/ Ethan W. Gee
    Richard A. Voytas, Jr., #52046
    rick@rossvoytas.com
    Ethan W. Gee, #70075
    ethan@rossvoytas.com
    Erika V. Dopuch, #70031
    erika@rossvoytas.com
    12444 Powerscourt Drive, Ste 370
    St. Louis, MO 63131
    Phone: (314) 394-0605
    Fax:    (636) 333-1212

    Attorneys for Plaintiff